JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
LINDSAY AGER
Assistant United States Attorney
Nevada Bar No. 11985
United States Attorney's Office
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Lindsay.Ager@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:23-cv-00161-JCM-NJK |
| Plaintiff, | |
| v. | **Consent Judgment** |
| Consumer Telcom, Inc., | |
| Defendant. | |

Whereas, Plaintiff United States of America, on behalf of the Federal Communications Commission ("FCC"), initiated this action against Defendant Consumer Telcom, Inc. ("CTI") (collectively, "the Parties") to recover penalties related to violations of the Communications Act of 1934, as amended ("the Act"), 47 U.S.C. § 151 *et seq.*, and the FCC's regulations. In particular, numerous consumers complained that CTI engaged in unlawful practices, including changing their choice of telephone service provider without their knowledge or permission, in violation of 47 U.S.C. § 258(a) and 47 C.F.R. § 64.1120, placing unauthorized charges on their telephone bills, in violation of 47 U.S.C. § 201(b), and issuing insufficiently specific telephone bills, in violation of 47 C.F.R. § 64.2401;

Whereas, the FCC is an independent federal regulatory agency created by Congress that regulates providers of telecommunications services pursuant to the Act and imposes penalties for failure to comply with it. 47 U.S.C. § 503(b). Pursuant to that authority, the FCC issued a forfeiture order on September 15, 2016, against CTI based upon these

allegations. FCC 16-124. These penalties are recoverable in a civil action by the United States. 47 U.S.C. § 504(a);

Whereas, CTI is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

Whereas, the Parties have agreed that settlement of the claims alleged in the United States' complaint and entry of this Consent Judgment with the Terms and Conditions set forth herein without further litigation is the most appropriate way to resolve this action;

Whereas, this Consent Judgment is neither an admission of liability by CTI nor a concession by the United States that its claims are not well founded;

Accordingly, by the consent of the parties, the Court finds that:

1. This Court has subject matter jurisdiction over this civil action under 28 U.S.C. §§ 1331, 1345, and 1355.

2. Venue is proper in the District of Nevada under 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395(a), and 47 U.S.C. § 504(a), because at all relevant times CTI had offices located within this District, and a substantial part of the acts or omissions on which this action is based occurred within this District.

3. The United States' complaint states a claim upon which relief may be granted against CTI. By its signature at the end of this Consent Judgement, CTI consents to and shall not challenge entry of this Consent Judgment or this Court's jurisdiction to enter or enforce this Consent Judgment.

IT IS ORDERED that the parties must adhere to the following terms and conditions:

1. **Term.** CTI shall adhere to the terms and conditions set forth herein for a period of three years, which shall begin on the date this Consent Judgment is entered by the Court (the "Effective Date").

2. **Compliance Officer.** On or before 30 days after the Effective Date, CTI shall designate a senior manager to serve as "Compliance Officer" responsible for implementing the terms and conditions set forth herein on behalf of CTI. The person designated as the Compliance Officer shall be responsible for developing, implementing, and administering

the Compliance Plan, discussed in paragraph 3 below, and ensuring that CTI complies with the terms and conditions of the Compliance Plan and this Consent Judgment.

      3.      **Compliance Plan.** CTI shall, on or before 90 days after the Effective Date, establish a "Compliance Plan" designed to ensure future compliance with the Communications Laws and with the terms and conditions of this Consent Judgment. "Communications Laws" means, collectively, the Act, the regulations found in Title 47 of the Code of Federal Regulations, and the published and promulgated orders and decisions of the FCC to which CTI is subject by virtue of its business activities, including but not limited to Sections 201 and 258 of the Act, 47 C.F.R. §§ 64.1100 through 64.1195, and 47 C.F.R. § 64.2401. The Compliance Plan shall include, at a minimum, the following components:

      a.      **Operating Procedures.** On or before 90 days after the Effective Date, CTI shall establish Operating Procedures that the Compliance Officer and all Covered Personnel must follow to help ensure CTI's compliance with this Consent Judgment and the Communications Laws. "Covered Personnel" means all employees and agents of CTI who perform, or supervise, oversee, or manage the performance of duties that relate to CTI's responsibilities under the Communications Laws.

      b.      **Compliance Manual.** On or before 90 days after the Effective Date, CTI shall develop, use, and maintain a Compliance Manual, and distribute the same to all Covered Personnel. For any person who becomes Covered Personnel more than 90 days after the Effective Date, CTI shall distribute the Compliance Manual to that person within 30 days and prior to such person engaging with consumers. The Compliance Manual shall explain the requirements of this Consent Judgment and shall instruct Covered Personnel to consult and follow the Operating Procedures to ensure CTI's compliance with the Communications Laws and this Consent Judgment. CTI shall periodically review and revise the Compliance Manual to ensure that the information set

forth therein remains current and complete. CTI shall distribute a revised Compliance Manual to all Covered Personnel within 30 days of making such revisions.

  c. **Compliance Training Program.** CTI shall establish and implement a Compliance Training Program. As part of the Compliance Training Program, Covered Personnel shall be trained on the information in the Operating Procedures and Compliance Manual, shall be advised on CTI's obligation to report any noncompliance with this Consent Judgment as described in paragraph 4 below, and shall be instructed on how to disclose noncompliance to the Compliance Officer. All Covered Personnel shall be trained pursuant to the Compliance Training Program on or before 90 days after the Effective Date, except that any person who becomes Covered Personnel after the initial Compliance Training shall be trained within 30 days after the date such person becomes Covered Personnel and prior to such person engaging with consumers. CTI shall repeat Compliance Training on an annual basis and shall periodically review and revise the Compliance Training Program as necessary to ensure that it remains current and complete.

 4. **Reporting Noncompliance**. CTI shall report any noncompliance with Section 201(b) of the Act, 47 U.S.C. § 201(b), Section 258 of the Act, 47 U.S.C. § 258, the Changes in Preferred Telecommunications Service Provider regulations, 47 C.F.R. §§ 64.1100 – 64.1195, the Truth-in-Billing regulations, 47 C.F.R. § 64.2401, and with the terms and conditions of this Consent Judgment within 15 days after discovery of such noncompliance.

  a. Such reports shall include a detailed explanation of: (1) each instance of noncompliance; (2) the steps that CTI has taken or will take to remedy such noncompliance, including the schedule on which such remedial actions will be taken; and (3) the steps that CTI has taken or will take to prevent the recurrence of any such noncompliance. All reports of noncompliance shall be submitted to the Chief,

4

      Telecommunications Consumers Division, Enforcement Bureau, Federal Communications Commission, 45 L Street, NE, Washington, DC 20554, with a copy submitted electronically to Michael.Epshteyn@fcc.gov and Shana.Yates@fcc.gov.

  b. To the extent CTI believes any noncompliance action is not material, it may: (1) identify such action and explain to the FCC in its reporting why such action is not material; or (2) or contact the Chief, Telecommunications Consumers Division, Enforcement Bureau, Federal Communications Commission, with a copy submitted electronically to Michael.Epshteyn@fcc.gov and Shana.Yates@fcc.gov, regarding such action, explain why such action is not material, and seek express permission to exclude such action from its reporting.

5. **Compliance Reports.** CTI shall file "Compliance Reports" with the FCC at 6, 12, 18, 24, and 36 months following the Effective Date.

  a. Each Compliance Report shall include a detailed description of CTI's efforts during the relevant period to comply with the terms of this Consent Decree.

  b. Each Compliance Report shall include a certification by the Compliance Officer, as an agent of and on behalf of CTI, stating that the Compliance Officer has personal knowledge that CTI: (1) has established and implemented the Compliance Plan; and (2) is not aware of any instances of noncompliance with the terms and conditions of this Consent Decree, including the reporting obligations set forth in paragraph 4 of this Consent Judgment.

  c. The Compliance Officer's certification shall be accompanied by a statement explaining the basis for such certification and shall comply with 47 C.F.R. § 1.16 and be subscribed to as true under penalty of

perjury in substantially the form set forth therein.

    d.    If the Compliance Officer cannot provide the requisite certification, the Compliance Officer, as an agent of and on behalf of CTI, shall provide the Commission with a detailed explanation of the reason(s) why and describe fully: (1) each instance of noncompliance; (2) the steps CTI has taken or will take to remedy such noncompliance, including the schedule on which proposed remedial actions will be taken; and (3) the steps that CTI has taken or will take to prevent the recurrence of any such noncompliance, including the schedule on which such preventive action will be taken.

    e.    All Compliance Reports shall be submitted to the Chief, Telecommunications Consumers Division, Enforcement Bureau, Federal Communications Commission, 45 L Street, NE, Washington, DC 20554, with copies submitted electronically to Michael.Epshteyn@fcc.gov and Shana.Yates@fcc.gov.

6. **Consumer Complaint Handling Procedure.** Beginning on or before 90 days after the Effective Date, CTI will implement and comply with complaint-handling procedures to address consumer complaints. The Compliance Officer will be responsible for ensuring that all complaints are addressed in accordance with the complaint-handling procedures, including:

    a.    CTI must investigate any consumer complaint within four business days, including attempting to contact the consumer to engage in good faith discussions to resolve the complaint to the consumer's satisfaction.

    b.    CTI must cease collection activity if a consumer has filed a complaint until that complaint is resolved.

    c.    If CTI intends to deny a refund of complained-of-charges, it must (1) notify the FCC within five business days and present the evidence

6

upon which it has overcome a rebuttable presumption that complained-of-charges will be refunded, and (2) provide such evidence to the consumer who complained of the charge and grant that consumer a reasonable opportunity to respond to the denial.

    d.    CTI will forward all complaint-related documents to the FCC within 30 days of receiving a complaint and will retain all complaint-related documents for two years after receiving a complaint.

    e.    CTI agrees to refund all charges if a customer complains within two billing cycles of receiving the first bill. For complaints received after two billing cycles, CTI will refund all charges if it determines the complaint has merit. In conducting such investigation, CTI shall comply with complaint-handling procedures described above.

7. **Redress for Prior Complaints.** CTI shall take the following actions:

    a.    Within 90 days, CTI will certify that it provided full refunds to consumers who complained in this case to the extent full refunds were not already provided. Such certification shall be submitted to the Chief, Telecommunications Consumers Division, Enforcement Bureau, Federal Communications Commission, 45 L Street, NE, Washington, DC 20554, with copies submitted electronically to Michael.Epshteyn@fcc.gov and Shana.Yates@fcc.gov. To the extent any consumer who complained in this case claims that they were not refunded, CTI shall provide a refund to such complainant as to the amount claimed, up to $100, unless CTI is able to provide proof of prior refund.

    b.    Within 120 days, CTI will review any complaints it received during the previous two years consistent with the complaint-handling procedures identified above, including the rebuttable presumption of a refund for complained-of charges. Consistent with those procedures,

CTI will refund all charges if it determines the complaint has merit. If CTI intends to deny a refund of complained-of-charges, it must (1) notify the FCC and present the evidence upon which it has overcome the presumption that complained-of-charges will be refunded, and (2) provide such evidence to the consumer who complained of the charge and grant that consumer a reasonable opportunity to respond. If the FCC disagrees with CTI's denial of any refunds, it will notify CTI and allow it to voluntarily provide a refund. The FCC may take action regarding any denied refunds within 90 days of receiving notice from CTI that it intends to deny a refund, and the Parties agree that such action by the FCC shall be deemed timely.

8. **Telemarketing Cessation.** CTI, including any person or entity acting on behalf of CTI, agrees to cease all outbound telemarketing activity.

9. **Truth-in-Billing.** CTI shall comply with the FCC's Truth-in-Billing regulations, 47 C.F.R. § 64.2401.

10. **Enhanced TPV Procedures.** CTI shall comply with the FCC's third-party verification requirements, 47 C.F.R. § 64.1120.

11. **Judgment Amount.** Judgment shall enter against CTI in the amount of $53,320, payment of which constitutes full and final settlement of the claims set forth in this action. CTI shall make payment in accordance with written instructions to be provided by the Department of Justice. Payment shall be made no later than 14 days after the Effective Date. If full payment is not made by this deadline, interest shall accrue at the legal rate of interest pursuant to 28 U.S.C. § 1961.

12. **Nondischargeability**. For the avoidance of doubt, the Parties agree that this Consent Judgment resolves claims arising from allegations of fraud, and payments hereunder, including the Judgment Amount, shall be nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 1141(d)(6).

13. **Final Resolution.** This Consent Judgment shall resolve the claims set forth in

this action in their entirety with prejudice. Each Party shall bear its own fees, costs, and expenses.

14. **Successors and Assigns.** CTI agrees that the provisions of this Consent Judgment shall be binding on its successors, assigns, and transferees.

15. **Authorized Representative**. Each Party represents and warrants to the other that it has full power and authority to enter into this Consent Judgment. Each person signing this Consent Judgment on behalf of a Party hereby represents that he or she is fully authorized by the Party to execute this Consent Judgment and to bind the Party to its terms and conditions.

16. **Severability.** If any part of this Consent Judgment shall for any reason be found or held invalid or unenforceable by any court of competent jurisdiction, such invalidity or unenforceability shall not render the entire Consent Judgment unenforceable, but rather the Consent Judgment shall survive and be construed as if such invalid or unenforceable part had not been contained herein.

17. **Counterparts.** This Consent Judgment may be signed in counterpart (including electronically or by facsimile). Each counterpart shall be an original, and all counterparts together shall constitute one and the same fully executed instrument.

18. **Integration.** This Consent Judgment constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior agreements and understanding relating to the subject matter hereof. There are no other representations, agreements, or understandings between CTI and the United States that are not stated in writing herein.

19. **Amendment.** This Consent Judgment may be amended solely by written agreement signed by all Parties.

20.     **Retained Jurisdiction.** The district court will retain jurisdiction over this matter for three years from the Effective Date for purposes of addressing any claims arising from the Consent Judgment.

APPROVED AND ENTERED ON THIS ____ DAY OF _____, 2023.

_____
United States District Judge

**For the Defendant:**

_____               Dated:_____
James Sun
Counsel for Defendant Consumer Telcom, Inc.

_____               Dated:_____
Joseph Nicotra, President
Defendant Consumer Telcom, Inc.

**For the United States:**

JASON M. FRIERSON
United States Attorney

*Lindsay Ager*
Digitally signed by LINDSAY AGER
Date: 2023.02.13 19:34:19 -08'00'

_____               Dated:_____
Lindsay Ager
Assistant United States Attorney

20. **Retained Jurisdiction.** The district court will retain jurisdiction over this matter for three years from the Effective Date for purposes of addressing any claims arising from the Consent Judgment.

APPROVED AND ENTERED March 7, 2023.

_____
United States District Judge

**For the Defendant:**

_____   Dated: 2/10/23
James Sun
Counsel for Defendant Consumer Telcom, Inc.

_____   Dated: 2/4/23
Joseph Nicotra, President
Defendant Consumer Telcom, Inc.

**For the United States:**

JASON M. FRIERSON
United States Attorney

_____   Dated:_____
Lindsay Ager
Assistant United States Attorney

10